ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

04-74546

SCOTT E. MCKENNA,

    Plaintiff,

v.

THE CITY OF ROYAL OAK, a Municipal Corporation, OFFICER P. CLONAN, BADGE NO. 168, OFFICER P. EDGELL, BADGE NO. 208, OFFICER B. HONSOWETZ, BADGE NO. 173, and POLICE OFFICER JOHN DOES, Jointly and Severally,

    Defendants.

JOHN CORBETT O'MEARA
USDC:
MAGISTR USDC Judge: DONALD A. SCHEER

Oakland County Circuit
Court No. 04-061752 NO
Judge Mark A. Goldsmith

FILED '04 NOV 19 P2:28
U.S. DIST. COURT CLERK
EAST DIST MICH
DETROIT-PSG

---

CHARFOOS & CHRISTENSEN, P.C.
BY: JARED P. BUCKLEY (P11348)
    KATHRYN R. McCOOL (P45589)
5510 Woodward
Detroit, MI 48202
(313) 875-8080
Attorneys for Plaintiff

CUMMINGS, McCLOREY, DAVIS & ACHO, P.C.
BY: T. JOSEPH SEWARD (P35095)
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400
Attorneys for Defendants City of Royal Oak, Officer P. Clonan, Officer P. Edgell and Officer B. Honsowetz

---

## NOTICE OF REMOVAL OF ACTION

NOW COME Defendants, CITY OF ROYAL OAK, OFFICER P. CLONAN, OFFICER P. EDGELL AND OFFICER B. HONSOWETZ, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C. by T. JOSEPH SEWARD, and in support of their Notice of Removal of Action, hereby state as follows:

    1.    That the Defendants were served with a copy of the attached Summons and Complaint on or about November 4, 2004.

2.      That said Complaint, filed in the Oakland County Circuit Court, alleges in part that the Plaintiff was deprived of his constitutional rights in violation of 42 USC Section 1983.

3.      That all Defendants in this matter who have been served with process have been contacted and concur in the filing of this Petition.

4.      That said allegations, involving claims arising under the Constitution and laws of these United States, are within the original jurisdiction of this United States District Court.

5.      That pursuant to 28 USC Sections 1331 and 1441, removal of this action from State Circuit Court to the United States District is proper.

WHEREFORE, Defendants pray that this Honorable Court grant this Petition for Removal of Action.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

By: _____
/T. JOSEPH SEWARD (P35095)
33900 Schoolcraft
Livonia, MI  48150
(734) 261-2400

Attorneys for Defendants City of Royal Oak,
Officer P. Clonan, Officer P. Edgell
and Officer B. Honsowetz

DATED:     November  19 , 2004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT E. MCKENNA,

    Plaintiff,

v.

THE CITY OF ROYAL OAK, a Municipal Corporation, OFFICER P. CLONAN, BADGE NO. 168, OFFICER P. EDGELL, BADGE NO. 208, OFFICER B. HONSOWETZ, BADGE NO. 173, and POLICE OFFICER JOHN DOES, Jointly and Severally,

    Defendants.
_____/

USDC: 04-74546
USDC Judge: O'Meara
    Scheer

Oakland County Circuit Court No. 04-061752 NO
Judge Mark A. Goldsmith

**FILED**

NOV 19 2004

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

CHARFOOS & CHRISTENSEN, P.C.
BY: JARED P. BUCKLEY (P11348)
    KATHRYN R. McCOOL (P45589)
5510 Woodward
Detroit, MI  48202
(313) 875-8080
Attorneys for Plaintiff

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.C.**
BY: T. JOSEPH SEWARD (P35095)
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400
Attorneys for Defendants City of Royal Oak, Officer P. Clonan, Officer P. Edgell and Officer B. Honsowetz

_____/

## BRIEF IN SUPPORT OF NOTICE OF REMOVAL OF ACTION

NOW COME the Defendants, CITY OF ROYAL OAK, OFFICER P. CLONAN, OFFICER P. EDGELL AND OFFICER B. HONSOWETZ, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., and in support of their Petition for

Removal of Action herein rely upon 28 USC Sections 1331, 1441 and 1446.

        Respectfully submitted,

        CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

        By: _____
            T. JOSEPH SEWARD (P35095)
        33900 Schoolcraft
        Livonia, MI  48150
        (734) 261-2400

        Attorneys for Defendants City of Royal Oak,
        Officer P. Clonan, Officer P. Edgell
        and Officer B. Honsowetz

DATED:    November 19, 2004

| Original - Court | 1st copy - Defendant | 2nd copy - Plaintiff | 3rd copy | 04-061752-NO |
|---|---|---|---|---|

| STATE OF MICHIGAN JUDICIAL DISTRICT | | |
|---|---|---|
| 6th JUDICIAL CIRCUIT COUNTY PROBATE | SUMMONS AND COMPLAINT | JUDGE MARK A. GOLDSMITH<br>MCKENNA, SCOTT V ROYAL OAK CI no. |

Court Address
1200 North Telegraph, Dept. 407, Pontiac, MI 48341                                           248 858 0347

| Plaintiff name(s), address(es) and telephone no(s).<br>Scott McKenna | v | Defendant name(s), address(es), and telephone no(s).<br>The City of Royal Oak, a Municipal Corp., Officer P. Clonan, Badge No. 168, Officer P. Edgell, Badge No.208, Officer B. Honsowetz, Badge No. 173, and Police Officer John Does, jointly & severally |
|---|---|---|
| Plaintiff attorney, bar no., address, and telephone no.<br>Jared P. Buckley P11348/Kathryn R. McCool P45589<br>Charfoos & Christensen, P.C.<br>5510 Woodward Avenue<br>Detroit, Michigan 48202<br>(313) 875 8080 | | The City of Royal Oak<br>c/o Charles Semchena, Jr.<br>211 Williams<br>Royal Oak, MI 48068 |

**SUMMONS**   NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>OCT 1 5 2004 | This summons expires<br>JAN 1 4 2005 | Court clerk<br>G. WILLIAM CADDELL |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT**   Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | | Bar no. |
|---|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | | Bar no. |
|---|---|---|---|

RECEIVED
CITY ATTORNEYS OFFICE
ROYAL OAK, MICH.
NOV 1 2004

**VENUE**
| Plaintiff(s) residence (include city, township, or village)<br>Royal Oak, Oakland County, MI | Defendant(s) residence (include city, township, or village)<br>Royal Oak, Oakland County, MI |
|---|---|
| Place where action arose or business conducted<br>Royal Oak, Oakland County, MI | |

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

10-12-04
Date                                           Signature of attorney/plaintiff Jared P. Buckley P11348

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.
MC 01 (9/98) SUMMONS AND COMPLAINT                MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

SCOTT E. MCKENNA,

    Plaintiff,

-vs-

THE CITY OF ROYAL OAK, a Municipal Corporation, OFFICER P. CLONAN BADGE NO. 168, OFFICER P. EDGELL BADGE NO. 208, OFFICER B. HONSOWETZ BADGE NO. 173 and POLICE OFFICER JOHN DOES, jointly and severally,

    Defendants.

Case 04-061752-NO
HON. JUDGE MARK A. GOLDSMITH
MCKENNA, SCOTT V ROYAL OAK CI

---

JARED P. BUCKLEY P11348
KATHRYN R. McCOOL P45589
CHARFOOS & CHRISTENSEN, P.C.
Attorneys for Plaintiffs
5510 Woodward
Detroit, MI 48202
(313) 875-8080

---

RECEIVED
CITY ATTORNEYS OFFICE
ROYAL OAK, MICH.
NOV 4 2004

There is no pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

_____
JARED P. BUCKLEY P11348
KATHRYN R. McCOOL P45589
Attorneys for Plaintiffs

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff, Scott E. McKenna, by and through his attorneys, CHARFOOS & CHRISTENSEN, P.C., complains against the above named Defendants, THE CITY OF

ROYAL OAK, a Municipal Corporation, OFFICER P. CLONAN BADGE NO. 168, OFFICER P. EDGELL BADGE NO. 208, OFFICER BADGE NO. B. HONSOWETZ 173 and POLICE OFFICERS JOHN DOES, jointly and severally, and states as follows:

1. Plaintiff Scott E. McKenna is a resident of the City of Royal Oak, County of Oakland, State of Michigan.

2. At all times relevant to this action, Defendant, City of Royal Oak, was and still is a municipal corporation duly organized, existing and carrying on governmental functions under and by virtue of the laws of the State of Michigan.

3. Defendant Police Officers, badge number Officer P. Clonan, Badge No. 168, Officer P. Edgell, Badge No. 208 and Officer B. Honsowetz, Badge No. 173, and John Does, (referred to hereinafter as Defendant Police Officers) at the time of the incident, and at all times relevant to this action, were employed as police officers under the supervision and control of the City of Royal Oak, in the City of Royal Oak, and engaged in duty in the area of Royal Oak in Oakland County.

## ALLEGATIONS OF FACT

4. On March 18, 2004, Plaintiff, Scott E. McKenna, was suffering from a grand mal seizure in his home located on 716 Keyser, Royal Oak, Michigan.

5. Alexandra McKenna, date of birth April 3, 1990, Plaintiff, Scott E. McKenna's, 13 year old daughter, observed Plaintiff, Scott E. McKenna, in his bed, making guttural noises, sounding as though he was choking. He was unresponsive, and she called Royal Oak dispatch at 911.

6. In response, Defendant Police Officers responded to the home of Plaintiff.

7. Defendant Police Officers arrived to find Plaintiff, Scott E. McKenna, incoherent and in bed.

8. Prior to the arrival of qualified and trained EMS attendants and/or paramedics, Defendant Police Officers attempted to assist Plaintiff, Scott E. McKenna, to dress.

9. Plaintiff, Scott E. McKenna, being in a confused and incoherent post-ictal stat, and unable to comprehend the actions of the Defendant Police Officers, resisted assistance.

10. The Defendant Police Officers then forcefully pinned Plaintiff, Scott E. McKenna, to the bed and proceeded to handcuff and shackle him, all the while causing injury to both ankles and wrists, thus assaulting, battering and injuring Plaintiff.

11. While Plaintiff, Scott E. McKenna, was being restrained, Defendant Police Officers searched his bedroom, scattered articles within the room and did so without probable cause of any crime having been committed.

12. Plaintiff, Scott E. McKenna, was then carried down the stairs, handcuffed and shackled to the gurney and delivered to the EMS providers of Oakland County EMS, City of Royal Oak Fire Department.

13. Upon information and belief, the Defendant Police Officers, directly or indirectly, provided EMS with slanderous information and alleged that Plaintiff, Scott E. McKenna, assaulted his daughter.

14. Plaintiff Scott E. McKenna, was transported to William Beaumont Hospital in Royal Oak, Michigan.

15. Upon information and belief, EMS attendants, pursuant to information provided to them by the Defendant Police Officers, slandered Plaintiff, Scott E. McKenna, by stating that he had assaulted his daughter, Alexandra, and was combative and violent.

16. While at William Beaumont Hospital, blood alcohol and blood drug screens were obtained, the results of which were negative.

17. In breach of patient confidentiality, the results of the tests were released to the Defendant Police Officers, who promptly departed the hospital.

18. Subsequent to Plaintiff, Scott E. McKenna's, discharge from the hospital, Defendant Police Officers have persistently and unendingly appeared on Plaintiff's street, engaging in impermissible surveillance of Plaintiff, harassing thereby, and increasing Plaintiff's anxiety and depression.

19. As a direct and proximate result of the Defendant Police Officers assault and battery upon him, the false imprisonment and deprivation of his constitutional rights, Plaintiff, Scott E. McKenna, suffered serious physical injuries, including abrasions and lacerations to the wrists and ankles, all of which are or may

be permanent, and suffered mental anguish, mental anxiety, humiliation, embarrassment, depression and damage to his reputation.

20. All of the injuries specified above may be of a permanent nature, which may cause Plaintiff, Scott E. McKenna, to sustain future expenses for medication, medical care and treatment.

21. These injuries may or could aggravate physical and/or mental conditions not presently known to Plaintiff, Scott E. McKenna, which could be permanent.

22. Prior to this incident, Plaintiff, Scott E. McKenna, enjoyed good health and was able to enjoy the recreational and social activities which were normal for a person of his age group; however, the injuries sustained in this incident have caused a cessation of these pleasures and, in the future, his participation may continue to be limited due to the permanency of his injuries.

23. The amount in controversy exceeds Twenty-five Thousand ($25,000) and is within the jurisdiction of this court.

24. The wrongful acts of the individually named Defendant Police Officers constitute gross negligence as is contemplated by MCL Section 691.1407.

## COUNT I
## ASSAULT & BATTERY

25. Plaintiff repeats Paragraphs 1 through 24 as though fully restated herein.

26. On or about March 18, 2004, the individual Defendant Police Officers intentionally and without provocation, assaulted and battered Plaintiff, Scott E.

5

McKenna, and as a proximate result of the battery, Plaintiff suffered the damages described in full above.

27. As a proximate result of such assault and battery, false arrest and neglect of the individual Defendant Police Officers, Plaintiff, Scott E. McKenna, suffered the injuries set forth above and Plaintiff is entitled to the relief and damages set forth above.

28. Plaintiff, Scott E. McKenna, did not resist the Defendant Police Officers who assaulted, battered, restrained, and/or falsely arrested him, and the use of such force against him was unnecessary and excessive; Defendant, City of Royal Oak, is liable for its employees' actions and inactions.

29. In the conduct described in full above, Defendant Police Officers acted maliciously and willfully and with the design of causing the Plaintiff to suffer fear, physical pain, scarring, mental anguish and economic loss.

WHEREFORE, Plaintiff, Scott E. McKenna, respectfully requests this Honorable Court enter judgment against the Defendants, jointly and severally, as follows: (1) award the compensatory damages in whatever amount in excess of Twenty-five Thousand ($25,000) Dollars that is found to be fair; and (2) grant such other relief as may be just and equitable.

## COUNT II
## DEPRIVATION OF CIVIL RIGHTS

30. Plaintiff repeats Paragraphs 1 through 29 as though fully restated herein.

31. That pursuant to 42 U.S.C. Section 1983:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit and equity, or other proper proceeding for redress.

32. This action arises under the United States Constitution, particularly under the provision of the Fourth and Fourteenth Amendments to the Constitution of the United States and under Federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, and under the Constitution of the State of Michigan, Article 1, Section II.

33. All the Defendants herein are persons within the meaning of 42 U.S.C. Section 1983.

34. Defendant, City of Royal Oak, had certain policies, rules and regulations, and Defendant's police officers underwent training in police procedures that it's officers are mandated to follow.

35. The Defendant, City of Royal Oak, has recklessly and intentionally failed to train its police officers in proper arrest procedures.

36. All the Defendants were at all times relevant to this action, acting under color of Michigan statute, ordinance, regulations, custom and usage within the meaning of 42 U.S.C. Section 1983, in the arrest and imprisonment of Plaintiff, all under the direction, support, knowledge and authority of the Defendants and Defendant, City of Royal Oak.

7

37. Prior to the commission of the wrongful acts in furtherance of the actions to deprive Plaintiff of equal protection under the laws, and of equal privileges and immunities under the laws, each of the individual Defendants knew of the existence of the intended event.

38. Each of the Defendants then knew that the Defendants were about to effectuate the events by the commission of the wrongful acts described above.

39. Each of the individual Defendants possessed the power to prevent, or aid in preventing, the commission of such wrongful acts, and accordingly owed a duty to Plaintiff to prevent, aid in preventing and/or attempt to prevent the commission of such wrongful acts.

40. Notwithstanding such knowledge and power, the individual Defendants breached their duties by neglecting, failing and/or refusing to prevent, aid in preventing or attempt to prevent the commission of such wrongful acts.

41. Defendant's police officers failed to take any actions to correctly determine the status of the Plaintiff's situation and condition.

42. The conduct of Defendants, and each of them, deprived Plaintiff of the following rights, privileges and immunities secured by the Constitution of the United States:

    (a) The right of Plaintiff not to be deprived of life, liberty or property without due process of law secured by the Fourteenth Amendment to the Constitution of the United States.

(b) The right of Plaintiff not to be subjected to unreasonable search and seizure provided by the Fourth Amendment to the Constitution of the United States.

(c) The right of Plaintiff to be guaranteed equal protection under the laws secured by the Fourteenth Amendment to the Constitution of the United States.

43. By reason of the conduct of Defendants, including Plaintiff's arrest, imprisonment and the injuries sustained by the acts, Plaintiff was wrongfully and deliberately denied his immediate release.

44. The acts, conduct and behavior of Defendants were performed knowingly, intentionally and with reckless disregard of Plaintiff's safety and continued life, and Defendant, City of Royal Oak, failed to discipline these officers despite their use of excessive force, improper arrest procedures, and their incidents of misconduct and thus ratified and impliedly approved of said conduct, therefore, Plaintiff is entitled, by virtue of 42 U.S.C. Section 1983, to compensatory damages in whatever amount in excess of Twenty-five Thousand ($25,000) Dollars which is found to be fair and just, and by virtue of 42 U.S.C. Section 1988, to punitive damages in an amount in excess of Twenty-five Thousand ($25,000) Dollars.

WHEREFORE, (1) Plaintiff respectfully requests that this Honorable Court enter a judgment for compensatory damages against the Defendants, jointly and severally, in whatever amount in excess of Twenty-five Thousand ($25,000) Dollars which Plaintiff is found to be entitled, plus interest, costs and attorney fees; and (2)

Plaintiff respectfully requests that this Honorable Court enter a judgment for punitive damages under 42 U.S.C. Section 1983 against the individual Defendant Police Officers in whatever amount in excess of Twenty-five Thousand ($25,000) Dollars, which is found to be just.

## COUNT III
## FALSE ARREST AND IMPRISONMENT

45. Plaintiff repeats Paragraphs 1 through 44 as though fully restated herein.

46. Plaintiff, Scott E. McKenna, was wrongfully restrained and arrested at his home, being unlawfully restrained, handcuffed and shackled, and transported in such condition to William Beaumont Hospital Royal Oak.

47. As a proximate cause of the acts and omissions of the individual Defendant police officers and other agents and employees of the City of Royal Oak, not presently identifiable:

   (a) Plaintiff was arrested without probable cause on or about March 18, 2004; and

   (b) The individual Defendant police officers and other agents and employees of the City of Royal Oak, not presently identifiable, negligently or intentionally failed to ascertain and investigate the facts and circumstances surrounding the Plaintiff's assault and battery, false arrest and false imprisonment.

48. As a proximate result of the wrongful conduct described above, Plaintiff was deprived of his freedom, privacy, rights or society, capacity to earn his

livelihood, and Plaintiff suffered great mental and bodily distress, and was greatly humiliated and injured in his reputation.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendants, jointly and severally, in whatever amount in excess of Twenty-five Thousand ($25,000) Dollars this Court finds to be equitable, plus interest, costs and attorney fees.

### COUNT IV
### SLANDER

49. Plaintiff repeats Paragraphs 1 through 48 as though fully restated herein.

50. Defendant Police Officers unlawfully, wrongfully and acting together with other unknown employees of the City of Royal Oak, maliciously and intentionally slandered the Plaintiff, Scott E. McKenna, by falsely accusing Plaintiff of assaulting his daughter and in furtherance of this unlawful, wrongful and malicious actions, Defendants assaulted and arrested Plaintiff and provided misleading and slanderous information to medical healthcare providers, not to vindicate the law or to arrest and punish Plaintiff for the charges, but for wrongful, unlawful and malicious purposes.

51. Defendants did seek personal, ulterior vengeance by slandering Plaintiff, which caused Plaintiff to suffer mental distress, a reduced capacity to earn, and damage to Plaintiff's reputation.

52. Defendants, acting individually and within the scope of their authority as employees of the Royal Oak Police Department, an agency of the City of Royal Oak, under both state and federal law, have caused Plaintiff to be injured in his good name, wounded in his feelings and subject to oppression.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment against the Defendants, jointly and severally, in whatever amount in excess of Twenty-five Thousand ($25,000) Dollars which is found to be just, plus interest, costs and attorney fees so wrongfully sustained, with the Court to treble the amount of damages awarded.

### DEMAND FOR TRIAL BY JURY

NOW COMES the above named Plaintiff, SCOTT E. MCKENNA, by and through his attorneys, CHARFOOS & CHRISTENSEN, P.C., and hereby makes a demand for a trial by jury of the issues in this cause.

CHARFOOS & CHRISTENSEN, P.C.

BY: _____
JARED P. BUCKLEY P11348
KATHRYN R. McCOOL P45589
Attorney for Plaintiffs
5510 Woodward Avenue
Detroit, MI 48202
(313) 875-8080

Dated: October 13, 2004

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE OAKLAND

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

SCOTT E. MCKENNA

JOHN CORBETT O'MEARA

**DEFENDANTS** 04-74546

CITY OF ROYAL OAK; OFFICER P. CLONAN, OFFICER P. EDGELL, OFFICER B. HONSOWETZ AND POLICE OFFICER JOHN DOES

(b) County of Residence of First Listed: Oakland
26125

County of Residence of First Listed: Oakland

NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

Jared P. Buckley (P11348)
5510 Woodward
Detroit, MI 48202  (313) 875-8080

MAGISTRATE JUDGE DONALD A. SCHEER

Attorneys (If Known) SCHEER
T. JOSEPH SEWARD
33900 Schoolcraft
Livonia, MI 48150  (734) 261-2400

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PLA | DEF |   | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault Libel And Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | [X] 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | ☐ 871 IRS-Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- [X] 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multi district Litigation
- ☐ 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC Section 1983

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

$DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE

DOCKET NUMBER

DATE: 11/19/04

SIGNATURE OF ATTORNEY OF RECORD

## PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?      ☐ Yes   ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☒ Yes   ☐ No

    If yes, give the following information:

    Court: Oakland County Circuit Court

    Case No.: 04-061752 NO

    Judge: Mark A. Goldsmith

Notes: