UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT E. McKENNA,

                Plaintiff,

vs.                              Case No. 04-74546

THE CITY OF ROYAL OAK, a municipal      Hon. John Corbett O'Meara
corporation, OFFICER P. CLONAN, BADGE
NO. 168, OFFICER P. EDGELL, BADGE NO.
208, OFFICER B. HONSOWETZ, BADGE
NO. 173 and POLICE OFFICER JOHN DOES,
Jointly and Severally,

                Defendants.
_____/

| | |
|---|---|
| DAVID W. CHRISTENSEN (P11863) | T. JOSEPH SEWARD (P35095) |
| DAVID R. PARKER (P39024) | Cummings, McClorey, Davis & Acho, P.C. |
| MARY PAT ROSEN (P34992) | Attorneys for Royal Oak, Clonan, Edgell |
| Charfoos & Christensen, P.C | 33900 Schoolcraft |
| Attorneys for Plaintiff. | Livonia MI 48150-1392 |
| 5510 Woodward Avenue | (734) 261-2499 |
| Detroit, MI 48202 | |
| (313) 875-8080 | |

HUGH M. DAVIS (P12555)
CYNTHIA HEENAN (P53664)
Constitutional Litigation Associates P.C.
Co-Attorneys for Plaintiff
450 W Fort St, Suite 200
Detroit MI 48226
(313) 961-2255
_____/

**PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS
PURSUANT TO 54.1.2 AND U.S.C. § 1988
ORAL ARGUMENT REQUESTED**

NOW COME Plaintiffs, pursuant to F.R.Civ.P. 54(d)(2), Eastern District of Michigan Local Rule 54.1.2 and 42 U.S.C. §1988, by and through counsel, and timely move for an award of attorney fees and costs in the amount of $227,767.00 as set forth in the accompanying brief.

Pursuant to Local Rule 7, Plaintiffs' counsel has advised Defendants' counsel of their intention to file this Petition and have not receive and do not anticipate concurrence, at least in part.

Respectfully submitted,

/s/David W. Christensen P11863
Attorney for Plaintiff
5510 Woodward Avenue
Detroit MI 48202
313-875-8080
dwchristensen @c2law.com

Dated: October 3, 2008

## TABLE OF CONTENTS

**Index of Authorities**..................................................................................................... ii

**Statement of Facts and Procedural History**............................................................... 1

**Controlling Authority**....................................................................................................4

**PLAINTIFF'S ATTORNEYS ARE ENTITLED TO ATTORNEYS' FEES FOR OBTAINING A FAVORABLE JURY VERDICT IN A 42 USC 1983 ACTION AND IN WHAT AMOUNT**....................................................................................................4

**Conclusion**......................................................................................................................9

**Certificate of Service**.....................................................................................................9

## INDEX OF AUTHORITIES

**CASES:**                                                                                                              **PAGE**

*Associated General Contractors v. Drabik,* 250 F.3d 482 (6th Cir. 2001)..........................................9

*Blanchard v. Bergeron,* 09 S. Ct. 939 (1989) ................................................................................5

*Blum v. Stenson,* 465 U.S. 886 (1984) ..........................................................................................5

*City of Burlington v. Dague,* 112 S. Ct. 2638 (1992) ...................................................................5

*Coulter v. Tennessee,* 805 F.2d 146 (6th Cir. 1986)......................................................................7

*Craik v. Minnesota State Univ. Bd.,* 738 F.3d 348 (8th Cir.1984) ................................................6

*Delaware Valley II.,* 197 S. Ct. 3078 (1987) ................................................................................7

*Hamilton v. Cuyahoga County Welfare Dept.,* 613 F. Supp 170 (MD Ohio 1985).....................6

*Henry v. Webermeier,* 738 F.2d 188 (7th Cir. 1984) .....................................................................6

*Hensley v. Everhardt,* 461 U.S. 424 (1983)..................................................................................4

*Hewitt v. Helms,* 107 S. Ct. 2672 (1987) ......................................................................................4

*Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974)............................................4

*Kelly v. Metropolitan County Bd. of Educ.,* 773 F.2d 677 (6th Cir.1985)....................................6

*Louisville Black Police Officers Org., Inc. v. City of Louisville,* 700 F.2d 268 (6th Cir. 1983).......7

*Missouri v. Jenkins,* 109 S. Ct. 2463 (1989)................................................................................7

*Northcross v. Bd. of Ed. Duke ADDUC,* 611 F.2d 624 (6th Cir.1979)..........................................7

*Scales v. J.C. Bradford & Company,* 925 F.2d 901 (6th Cir. 1991).............................................6

**STATUTE**

42 USC 1988

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Scott McKenna was a 41-year old single father, living with his three daughters, Alexandra, Samantha and Jessica. During the night of March 18, 2004, Scott McKenna was suffering from a seizure

Scott McKenna's oldest daughter, Alexandra McKenna, who was 14 years old at the time of the incident, was awakened prior to her alarm going off by noises that her father was making from his room. When she got up and went into his room and observed him, his jaw was clenched, his teeth were clenched, and there was other evidence of distress. He did not respond to her calling his name. She immediately called 911.

Alexandra told the 911 operator that her dad was having a seizure, and that it sounded like he was choking. She stayed on the phone with 911 until the police got there. More than one police officer arrived, and she let them in at the front door. She specifically remembers that the police arrived first, and the EMS came after that.

Despite the officers' supposed awareness that this was a medical run, the officers took actions which were not medical in nature. They tried to get Mr. McKenna to sit up and put on his pants. They questioned Alexandra about whether her father was using drugs and whether he had assaulted her. Meanwhile, her father kept trying to pull back from the officers, in that they were trying to pull him up, and he was trying to lay back down. This caused the officers to handcuff his wrists and ankles so he couldn't move. Once this happened, the agitated Scott McKenna began moving a lot more. After Mr. McKenna was handcuffed, the fire department and the EMS people arrived, and took him off on a stretcher to Royal Oak Beaumont Hospital. At that point, the officers searched the bathroom and bedroom areas.

1

Throughout this process, the Defendant police officers took a number of steps consistent with their treating Mr. McKenna – a man who was having a seizure - as a potential criminal suspect. They ran his license plate. They questioned his daughter about possible criminal activity, such as use of illegal drugs, and possible assaultive behavior toward her. They acknowledged that they are always on the lookout to investigate criminal activity. In furtherance of this task, they searched the bathroom, bedroom and medical cabinet for such evidence.

It was acknowledged that the officers were under no apprehension of danger from Scott McKenna when they first entered his bedroom. Despite this, and despite their knowledge of proper procedure to allow seizures to run their course, Officer Edgell attempted to control the behavior of Scott McKenna. First, he asked him to put on his pants. When Mr. McKenna was unable or unwilling to do so, he put his hands on him in an effort to take control of his behavior. As Officer Edgell testified, "He tried to push my hand away, but I wouldn't let him.". Officer Edgell never relinquished his hold on Scott McKenna once he undertook to physically control Mr. McKenna's behavior. He then assisted in searching Mr. McKenna's bedroom and bathroom areas - after the Fire Department had removed Mr. McKenna from the area.

The matter was initiated by Plaintiff in the State of Michigan, Oakland County Circuit Court, but was immediately removed to the Federal District Court for the Eastern District in November, 2004 (Docket Entry #1). After discovery was underway, Defendant moved for Summary Disposition on August 15, 2005 (Docket Entry #29), which motion was granted in part, as to certain officers and as to the municipality of Royal Oak, but which was denied as to officers Honsowitz and Edgell. (Docket Entry # 39).

Because their Motion had raised the issue of qualified immunity, Defendants were

entitled to pursue an interlocutory appeal as of right to the Sixth Circuit Court of Appeals. (Docket Entry #40). This appeal was fully briefed and orally argued in Cincinnati. The Sixth Cictuit thereafter issued an opinion on December 6, 2006, dismissing the appeal for lack of jurisdiction, inasmuch as Defendants had insisted upon relying upon their own version of disputed facts in briefing and in argument to the Court. (Docket Entry #46).

After the appeal, Plaintiff's principal attorney, Jared P. Buckley, retired, and David W. Christensen stepped in. Later in 2007, Mr. Christensen, widely known for his trial advocacy in personal injury areas, brought in Hugh M. Davis as co-counsel, for his particular expertise in police misconduct/civil rights cases.

Defendants brought a second motion for summary disposition on July 12, 2007. (Docket Entry #49). This motion was denied by this Court by opinion and order dated September 21, 2007 (Docket Entry #53).

At that point, trial preparations began in earnest. Both sides brought multiple pretrial motions (Docket Entry ## 59, 60, 61, 62, 63, 66, 75, 77, 78). Trial commenced on February 12, 2008, and continued through February 20, 2008, resulting in a verdict in Plaintiff's favor, awarding Plaintiff $281,000 in damages. (Docket Entry #88).

The Defendants moved for Judgment NOV, New Trial, or Remittitur on March 18, 2008 (Docket Entry #89). This Court denied the motions for New trial or Judgment NOV, but granted remittitur to the sum of $16,000 by Opinion and Order dated July 21, 2008 (Docket Entry #95). Plaintiff filed a Motion for Reconsideration on August 4, 2008 (Docket Entry #95) which was denied by Order dated September 5, 2008. (Docket Entry #100). **EXHIBIT 1 (All docket entries).**

## BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

**Controlling Authority:**

42 USC 1988
Hewitt v. Helms, 107 S.Ct. 2672 (1987)
Hensley v. Everhardt, 461 U.S. 424 (1983)

PLAINTIFF'S ATTORNEYS ENTITLED TO ATTORNEYS' FEES FOR OBTAINING A FAVORABLE JURY VERDICT IN A 42 USC 1983 ACTION AND IN WHAT AMOUNT

Plaintiff is seeking attorney fees and costs reasonably related to obtaining the verdict in this matter. Under 42 USC 1988, the prevailing party in a 42 USC 1983 action shall be entitled to reasonable attorney's fees, which under Hewitt v. Helms, 107 S.Ct. 2672 (1987) occurs when the plaintiff obtains relief or establishes entitlement to relief on the merits of a legal claim. A jury verdict is obviously such an event.

Under Hensley v. Eckerhart, 461 U.S. 424 (1983), all work contributing to that success is compensable. The ordinary manner in which fees are awarded are the "lodestar" method, which is a calculation of the reasonably expended hours multiplied by the reasonable hourly rate of the attorneys. Here, the attorneys have attached their affidavits of their experience and standing in the relevant legal community, as well as detailed contemporaneously kept time records which establish the number of hours. Consequently, the requests made in the motion reflect the lodestar and do not seek any enhancement or upward adjustment to the lodestar.

The manner in which the reasonably hourly rate is calculated is based on Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974), which was reflected in the legislative history of 42 USC 1988. In the instant case, the law firm in Charfoos & Christensen, P.C. had a standard one-third contingency fee agreement with Plaintiff Scott McKenna. It did not include a

4

schedule of hourly rates. David W. Christensen is a nationally known, top-rated trial attorney, who has been awarded $350.00 per hour in previous complex matters. **EXHIBITS 3, 4 & 5.** David R. Parker is one of the top appellate counsel in the state of Michigan, both in state courts and in the federal courts, and regularly charges, and has been awarded, a rate of $300.00 per hour. **EXHIBITS 6, 7 & 8.** Jared P. Buckley is a senior shareholder at Charfoos & Christensen, P.C. and was the original attorney on the matter until his retirement. **EXHIBITS 9, 10 & 11.** Mary Pat Rosen has assisted David Christensen on numerous complex trial matters, and has been awarded an hourly rate of $220.00 per hour. **EXHIBITS 12, 13, & 14.** Hugh M. Davis of Constitutional Litigation Associates, P.C. has no contingent fee agreement with the Plaintiff, but has a standard civil rights fee agreement which calls for an hourly rate of $400.00 per hour. He was brought into this matter for his well-known expertise on civil rights and police misconduct trials. **EXHIBITS 15 & 16.** Cynthia Heenan has conducted and assisted in the prosecution of complex civil rights trials, and has regularly been awarded an hourly rate of $250.00. **EXHIBITS 16 & 17.**

  The Supreme Court held in Blanchard v. Bergeron, 109 S.Ct. 939 (1989) that a contingent fee agreement is not a cap on the reasonable attorney's fees to be awarded pursuant to 42 USC 1988, accord City of Burlington v. Dague, 112 S.Ct. 2638 (1992).

  In Blum v. Stenson, 465 U.S. 886 (1984), the Supreme Court held that the hourly rate to be employed in calculating reasonable fees under 42 USC 1988 are determined by prevailing marking rates in the relevant community. Ordinarily the relevant community is the geographic locale in which the district court is located and the prevailing parties' attorneys normally

practice.

The relevant factors to be shown by affidavit under Blum v. Stenson is the number of years of experience, past and present positions of their law related activities (teaching), particular legal expertise, prior litigation experience with emphasis on cases of equivalent complexity and subject matter, law school attended and academic honors awarded, bar admissions, clerkship experience and other professional affiliations and activities, such as the publishing of books or articles that reflect favorably on the attorney's reputation.

The attorney's customary billing rates for fee paying clients in a private firm is highly relevant and is ordinarily the best evidence of the market value rate for the attorney's services pursuant to 42 USC 1988, Scales v. J.C. Bradford & Company, 925 F.2d 901 (6th Cir. 1991) and Kelly v. Metropolitan County Bd. of Educ., 773 F.2d 677 (6th Cir. 1985). The affidavits of other attorneys regarding the reasonableness of the requested rate and the prevailing rate in the relevant community is important, Kelly v. Metropolitan Bd. of Education EDUC, id. Other fee decisions in the same court or by comparable attorneys on some of our cases can be instructive, Hamilton v. Cuyahoga County Welfare Dept., 613 F.Supp 170 (MD Ohio 1985).

In this case, there was necessary travel time from Detroit to Ann Arbor by Plaintiff's counsel (approximately 90 miles round trip). Where the attorney ordinarily charges clients for travel time and/or performs work during that travel, he is ordinarily entitled to his normal hourly rate, Craik v. Minnesota State Univ. Bd. 738 F.3d 348 (8th Cir. 1984), Henry v. Webermeier, 738 F.2d 188 (7th Cir. 1984). Plaintiff's attorneys did no other work but cogitate on the case and frequently communicated by cell phone on their separate trips from Detroit and Bloomfield Hills.

Where the time required to process and bring a case to conclusion is extensive, which is

6

particularly relevant in the case of interlocutory immunity appeals in civil rights actions, the Court may take into account the passage of time by applying an upward delay adjustment or compensation for inflation, Louisville Black Police Officers Org., Inc. v. City of Louisville, 700 F.2d 268 (6th Cir. 1983); Northcross v. Bd. of Ed. Duke ADDUC, 611 F.2d 624 (6th Cir. 1979); Delaware Valley II,, 107 S.Ct. 3078 (1987); Missouri v. Jenkins, 109 S.Ct. 2463 (1989).

Plaintiff's attorneys are entitled to compensation for their reasonable hours working on the fee petition, Coulter v. Tennessee, 805 F.2d 146 (6th Cir. 1986).

In this case, Plaintiff was represented by two attorneys from two different firms. The firm of Charfoos & Christensen initially undertook the case, handled the discovery, summary disposition motions, interlocutory appeal and much of the bedrock trial preparation. They engaged Hugh M. Davis of Constitutional Litigation Associates, P.C. solely for the purpose of participating in the trial, providing his expertise in the areas of voir dire, motions *in limine*, evidentiary issues, legal theories, instructions and actual trials of civil rights cases in the federal courts. Although it is appropriate in 42 USC 1988 litigation to grant a reduction for duplication of effort either by separate firms or different attorneys within the same firm, that did not occur here. David W. Christensen exclusively prepared the client, gave opening statement, presented the client's and family eyewitness testimony, as well as the cross-examination of the EMS personnel, areas in which he has expertise as one of the state's most recognized and prominent medical malpractice attorneys. **EXHIBIT 5.** Hugh M. Davis exclusively provided expertise in technical areas of 42 USC 1983 law, cross-examined the police witnesses, presented the Plaintiff's police expert and gave closing argument. **EXHIBIT 16.** There was no duplication of effort. Jared P. Buckley, a principal at Charfoos & Christensen, was the primary Plaintiff

counsel, filing the complaint and managing the initial discovery in the matter, arguing the first summary judgment motion, and assisting in the preparation and briefing of the interlocutory appeal. **EXHIBIT 11.**

Additionally, novel issues of law were presented from the outset of this litigation, and were the subject of (to date) two summary judgment motions, and one interlocutory appeal. David R. Parker was the principal researcher and brief writer of all these efforts, and orally argued the appeal in Cincinnati and the second summary judgment motion in Ann Arbor. **EXHIBIT 8.** Inasmuch as these legal issues pervaded the case, David Parker was always consulted regarding perpetuation of testimony, pretrial procedure and trial presentation.

Mary Pat Rosen was the principal architect of the pretrial statement, and worked in conjunction with the trial attorneys and with researcher David Parker regarding the Plaintiff's pretrial statement. **EXHIBIT 14.** Cynthia Heenan assisted Hugh Davis in matters pertaining to the specialized area of civil rights and police misconduct trial preparation and litigation. **EXHIBIT 17.**

All these attorneys consulted as necessary to make strategic decisions and met both together and separately with Plaintiffs to prepare them for their depositions and trial testimony and to explain the various stages of the proceedings and necessary decisions. However, their time was not duplicative.

The summary of the hours worked is set out as **EXHIBIT 2.** The supporting documentation of hours worked, the hourly rate for each attorney and the attorneys' credential are set out in **EXHIBITS 3-17.**

Plaintiff's attorneys are entitled to interest on their award of attorneys' fees from the date

8

of the verdict herein, <u>Associated General Contractors v. Drabik</u>, 250 F.3d 482 (6th Cir. 2001).

## CONCLUSION

Based on the above authority, the attached attorneys' affidavits, supporting affidavits and contemporaneously kept time records, the Court should award Plaintiff's attorneys the fees requested in their motion pursuant to 42 USC 1988.

Respectfully Submitted,

CHARFOOS & CHRISTENSEN, P.C.

/s/David W. Christensen P11863
Attorney for Plaintiff
5510 Woodward Avenue
Detroit MI 48202
313-875-8080
dwchristensen @c2law.com

Dated:  October 3, 2008

### CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2008 my secretary, Cheryl Trojanowski, electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

T. Joseph Seward
33900 Schoolcraft
Livonia, MI  48150-1392

Hugh M. Davis
450 W. Fort Street, Suite 200
Detroit, MI  48226

/s/ DAVID W. CHRISTENSEN (P11863)
CHARFOOS & CHRISTENSEN, P.C.
Attorney for Plaintiff
5510 Woodward Avenue
Detroit, Michigan 48202
(313) 875-8080
E-mail:  dwchristensen@c2law.com