UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT E. MCKENNA,

               Plaintiff,                                Hon. John Corbett O'Meara

v.                                          Case No. 04-74546

THE CITY OF ROYAL OAK, a municipal
corporation, OFFICER P. CLONAN, BADGE
NO. 168, OFFICER P. EDGELL, BADGE NO. 208,
OFFICER B. HONSOWETZ, BADGE NO. 173, and
POLICE OFFICER JOHN DOES,
jointly and severally,

               Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S
## APPLICATION FOR ATTORNEYS' FEES AND COSTS

Before the court is Plaintiff's application for attorneys' fees and costs pursuant to 42

U.S.C. § 1988.  Plaintiff filed his initial motion for fees and costs on October 3, 2008.  The court

denied Plaintiff's motion without prejudice, pending the outcome of Defendants' appeal.

Plaintiff filed a supplemental application, renewing his previous motion, on December 9, 2010.

Defendants submitted a response on January 13, 2011.  Plaintiff filed a reply brief on January 19,

2011, and a supplemental brief on May 2, 2011. The court did not hear oral argument.

## BACKGROUND FACTS

Plaintiff Scott McKenna brought this action pursuant to 42 U.S.C. § 1983, alleging that

Defendants violated his Fourth Amendment rights by arresting him and subjecting him to

excessive force.  McKenna sued the City of Royal Oak and officers Clonan, Edgell, and

Honsowetz.  On October 10, 2005, the court granted in part and denied in part Defendants'

motion for summary judgment.  The court dismissed Plaintiff's claims against the City of Royal Oak and Officer Clonan, leaving the claims against Officers Edgell and Honsowetz.  The court denied summary judgment with respect to these officers' claim of qualified immunity due to a disputed issue of fact.  Officers Edgell and Honsowetz appealed the qualified immunity issue to the Sixth Circuit.  The Sixth Circuit dismissed the appeal for lack of jurisdiction on December 6, 2006.

On remand, Defendant filed a second motion for summary judgment on July 12, 2007. The court denied the motion on September 21, 2007.  A five-day jury trial was held beginning on February 12, 2008.  The jury found in favor of Plaintiff and awarded him $6,000 in medical expenses and $275,000 for pain and suffering.  The court entered judgment in favor of the Plaintiff in the amount of $281,000 on March 4, 2008.

Defendants filed a motion for judgment notwithstanding the verdict, new trial, and remittitur on March 18, 2008.  The court denied Defendants' motion for judgment as a matter of law, but granted remittitur, awarding Plaintiff $6,000 for medical expenses and $10,000 for pain and suffering.  The court entered an amended judgment on July 22, 2008.  Plaintiff accepted the remittitur on September 15, 2008.  Both parties appealed to Sixth Circuit, which affirmed on August 17, 2010.  Defendants sought rehearing en banc, which was denied.  Defendants also filed a petition for certiorari at the Supreme Court, which was denied on March 28, 2011.

## LAW AND ANALYSIS

Plaintiff seeks an award of attorneys fees and costs in the amount of $287,146.50 pursuant to 42 U.S.C. § 1988.  The breakdown of requested fees, including those incurred on appeal, is as follows:

| | | | |
|---|---|---|---|
| David Christensen | 101.1 hours at $375 | = | $ 37,912.50 |
| David Parker | 451.75 hours at $300 | = | $135,525 |
| Jared Buckley | 126.2 hours at $300 | = | $ 37,860 |
| Mary Pat Rosen | 44.2 hours at $220 | = | $ 9,724 |
| Hugh Davis | 156 hours at $400 | = | $ 62,400 |
| Cynthia Heenan | 14.9 hours at $250 | = | $ 3,725 |

Defendants object to Plaintiff's request, arguing that the total amount of fees requested, the hourly rates, and hours expended are all excessive and unreasonable.

42 U.S.C. § 1988 provides that the court may, in its discretion, award the prevailing party in a § 1983 action a reasonable attorney's fee. A reasonable attorney's fee award is one that is "adequate to attract competent counsel" but does not "produce windfalls to attorneys." Blum v. Stenson, 465 U.S. 886, 893-94 (1984). Determining a reasonable fee begins with calculating the product of a "reasonable hourly rate" and the "number of hours reasonably expended on the litigation," known as the "lodestar" amount. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." Wayne v. Village of Sebring, 36 F.3d 517, 533 (6th Cir. 1994). A useful guideline in determining a reasonable hourly rate is the "prevailing market rate . . . in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984), defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 350 (6th Cir. 2000).

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may

reduce the award accordingly." <u>Hensley</u>, 461 U.S. at 433.  The <u>Hensley</u> court also explained:

> The district court also should exclude from this initial fee
> calculation hours that were not reasonably expended.  Cases may
> be overstaffed, and the skill and experience of lawyers vary
> widely. Counsel for the prevailing party should make a good faith
> effort to exclude from a fee request hours that are excessive,
> redundant, or otherwise unnecessary, just as a lawyer in private
> practice ethically is obligated to exclude such hours from his fee
> submission. "In the private sector, 'billing judgment' is an
> important component in fee setting. It is no less important here.
> Hours that are not properly billed to one's *client* also are not
> properly billed to one's *adversary* pursuant to statutory authority."

<u>Hensley</u>, 461 U.S. at 434 (citations omitted).

Once the court has determined the lodestar amount, the court must consider whether that

amount should be adjusted upward or downward to reflect factors such as the "results obtained"

in the case.  <u>Id.</u> (citing <u>Johnson v. Georgia Hwy. Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974)). The

court may also consider the factors identified in <u>Johnson</u>, but the Supreme Court has noted that

"many of these factors usually are subsumed within the initial calculation of hours reasonably

expended at a reasonable hourly rate." <u>Hensley</u>, 461 U.S. at 434 n.9.[1]

## A.    <u>Hours Reasonably Expended</u>

Six attorneys worked on this matter at various times.  Jared P. Buckley filed the

complaint, undertook discovery, argued the first summary judgment motion, and assisted in

---

[1] The twelve factors outlined in <u>Johnson</u> are: "(1) the time and labor required; (2) the
novelty and difficulty of the questions; (3) the skill requisite to perform the legal service
properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the
customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the
client or the circumstances; (8) the amount involved and the results obtained; (9) the experience,
reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and
length of the professional relationship with the client; and (12) awards in similar cases."
<u>Hensley</u>, 461 U.S. at 430 n.3.

-4-

responding to Defendants' interlocutory appeal.  Subsequently, David Christensen took over the

case from Buckley as the matter proceeded to trial.  Christensen brought in Hugh Davis to assist

at trial because of his experience in § 1983 cases.  Throughout the case, David Parker was the

primary researcher and brief writer at the trial court and on appeal.  Mary Pat Rosen prepared the

joint final pretrial order, jury instructions, and some motions in limine.  Cythnia Heenan assisted

with research and trial preparation.

Although David Christensen and Hugh Davis undertook different tasks during the trial,

there is some duplication of effort inherent in having two attorneys present throughout the trial

as opposed to one.  In the court's opinion, this case did not present a level of complexity

justifying the presence of two seasoned attorneys at trial.  Further, on appeal, Mr. Davis

reviewed notices from the Sixth Circuit and generally tracked the status of the appeal, tasks

which were also done by Mr. Parker.  Accordingly, the court will disallow the hours spent by

Mr. Davis generally tracking the appeal (24 hours).  The court will also reduce the hours spent

by Mr. Davis at the district court level (119.6) by 50%, for a total of 59.8, to reflect the

duplication of effort at trial.  Mr. Davis spent an additional 11.5 hours on various tasks post-

appeal, including those related to the enforcement of the judgment, fee petition, and motion to

enforce the mandate.  These hours appear to be reasonable and sufficiently documented.

David Christensen seeks fees for 98.4 hours at the trial court level and 2.7 hours on

appeal.  Mr. Christensen's work on the appeal consisted on tracking its progress and reviewing

opinions from the Sixth Circuit, which was also done by Mr. Parker.  Based upon this

duplication of effort, the court will disallow the 2.7 hours Mr. Christensen spent on the appeal.

Otherwise, Mr. Christensen's time records are sufficiently detailed and appear to present a

reasonable number of hours for the tasks performed.

David Parker seeks fees for 304.45 hours at the trial court level and 147.1 hours on appeal.  Mr. Parker's time records often lack sufficient detail, however.  See, e.g., Pl.'s Ex. 8 (12/28/07, 4.0 hours, "Draft motions in limine"; 12/29/07, 4.0 hours, "Draft some more motions in limine"; 12/31/07, 3.75 hours, "Draft even more motions in limine"; 1/2/2008, 3.2 hours, "Finish drafting motions in limine."); Ex. 5 to Supplemental Application (3/24/09, .25, "review additional filings").  Vague entries make it "impossible for the Court to evaluate the reasonableness of the hours expended on the litigation." Gratz v. Bollinger, 353 F. Supp.2d 929, 939 (E.D. Mich. 2005).  Accordingly, the court will reduce Mr. Parker's requested hours by 10%, for a total of 406.4.  See id.

The court finds the time records of Jared Buckley and Mary Pat Rosen to be sufficiently detailed and the hours requested (126.2 and 44.2 hours, respectively) to be reasonable.  Cynthia Heenan seeks a fee award for a total of 14.9 hours; her time records, however, reveal that she primarily engaged in office and telephone conferences regarding the case, the necessity of which is unclear to the court.  Therefore, the court will disallow the 14.9 hours claimed by Ms. Heenan.

### B.      Reasonable Hourly Rate

The court will next determine the reasonable hourly rate for each attorney.  The attorneys who worked on this matter are all experienced and well-regarded in the local community.  David Christensen joined the firm of Charfoos & Christensen, P.C. in 1973, Buckley joined the firm in 1978, Parker became a shareholder in 1986, and Rosen joined in 1988.  Hugh Davis has been an attorney since 1968; he co-founded the firm Constitutional Litigation Associates, P.C., in 1995.

Plaintiff seeks an hourly rate of $375 for Christensen, $300 for Buckley and Parker, $220

for Rosen, and $400 for Davis.  Defendant contends that lower hourly rates are appropriate, in light of the average rates published in the State Bar of Michigan 2007 Economics of Law Practice Summary Report.  See Defs.' Ex. 5.  The court agrees that the State Bar's survey provides an appropriate starting point for determining the prevailing market rate.  According to the survey the median (50th percentile) hourly rate for a litigation attorney in practice for more than 30 years is $200; the 75th percentile is $250, and the 90th percentile is $300.  For an attorney with 20 to 29 years of experience, the median is $200, the 75th percentile is $250, and the 90th percentile is $271.  See id. at 20.

In light of the experience and stature of the attorneys involved, their work product, the court's experience in similar cases, and the State Bar survey, the court finds that the following are reasonable hourly rates: Christensen, $300; Parker and Buckley, $250; Rosen, $220; and Davis, $300.  Accordingly, given the reasonable number of hours expended, as determined above, the "lodestar" amount is as follows:

| | |
|---|---|
| Christensen | $300 x 98.4 = $ 29,520 |
| Parker | $250 x 406.4 = $101,600 |
| Buckley | $250 x 126.2 = $ 31,550 |
| Rosen | $220 x 44.2 =  $ 9,724 |
| Davis | $300 x 71.3 = $ 21,390 |
| Total | $193,784 |

## C.    Adjustment to Lodestar

Defendants contend that Plaintiff's fee request should be reduced because is disproportionate to the amount of damages Plaintiff obtained at trial.  After remittitur, Plaintiff

received $6,000 in medical expenses and $10,000 for pain and suffering.  Admittedly, Plaintiff's claim here was relatively small in the damages sense.  Although this is a factor to consider, the Supreme Court has rejected "the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." City of Riverside v. Rivera, 477 U.S. 561, 574 (1986).  The Court explained that "[u]nlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms."  Id.  See also Anderson v. AB Painting & Sandblasting Inc., 578 F.3d 542, 546 (7th Cir. 2009) ("Reasonableness has nothing to do with whether the district court thinks a small claim was 'worth' pursuing at great cost.  Fee-shifting statutes remove this normative decision from the court.  If a party prevails, and the damages are not nominal, then Congress has already determined that the claim was worth bringing.").

Despite the relatively small amount of money at stake in this case, Plaintiff prevailed and vindicated his constitutional rights.  This case was hard-fought through years of litigation, including two appeals, trial, and a petition for certiorari.  The court cannot say that Plaintiff expended an unreasonable amount of time and effort in pursuing his claim, in light of the vigorous defense mounted by Defendants.

The court has already reduced the hours claimed to account for the relative lack of complexity of the case and to reflect reasonable market rates.  The court does not believe that any further adjustment to the lodestar is warranted, based upon the results achieved or the Johnson factors.  Accordingly, the court will grant Plaintiff attorney fees in the amount of $193,784.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's motion for attorney fees is GRANTED IN PART,

consistent with this opinion and order.

s/John Corbett O'Meara
United States District Judge

Date:  May 11, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record
on this date, May 11, 2011, using the ECF system.

s/William Barkholz
Case Manager